PER CURIAM.
In original proceeding, we have the petition for supplementary relief of Edward Tohari seeking review of the Apportionment Law, Senate Joint Resolution 1305, as it affects the voters of Lee County. We have already determined that the Apportionment Law is valid on its face (In Re Apportionment Law, Senate Joint Resolution 1305, 263 So.2d 797 (Fla.1972), and retain jurisdiction to hear this petition pursuant to Fla.Const., art. III, § 16(c), F.S.A., and Fla.Stat. § 86.061, F.S.A.
Tohari challenges the validity of Districts 25, 26, 27 and 28 of the Senate of the State of Florida as established by the Apportionment Law, on the basis that the practical effect of Apportionment Law in establishing these Districts is to deprive the citizens of Lee County of meaningful Senatorial representation.
In support of his contention, Tohari points out only that no candidate from Lee County entered any of the primary elections for the seats in the Senate represented by the challenged Districts. In upholding the Apportionment Law, we said that the scheme, in a particular case, might operate to undermine the voting strength of a racial or political group. We added,
“When this is demonstrated, we will consider whether the apportionment plan still passes constitutional muster.” In Re Apportionment Law, Senate Joint Resolution No. 1305, 263 So.2d 797, p. 808.
The allegation that Lee County is unrepresented in the Florida Senate because no candidate from Lee County entered the race is totally insufficient to demonstrate an unconstitutional result in the application of the Apportionment Law.
Accordingly, the petition for supplemental relief is denied.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.